STATE OF MAINE                          SUPERIOR COURT
                                        CIVIL ACTION
KENNEBEC. ss.                           DOCKET NO. AP-04-90

                                        $\text{S} \cup \cdot \text{K} \S \text{I} (\sim$

HYDRO KENNEBEC, L.P.,

         Petitioner

    v.                                  **DECISION ON APPEAL**

TOWN OF WINSLOW,

         Respondent


This matter comes before the court on the petition of Hydro Kennebec, L.P. ("petitioner" "HKLP") from a decision of the State Board of Property Tax Review ("Board") denying a requested property tax abatement. This appeal of final agency action is brought pursuant to M.R. Civ. P. 80C.

## Background

The petitioner owns a hydroelectric power generating plant situated on the Kennebec River. The petitioner also has a lease hold interest in the land underlying the plant, which is owned by Scott Paper Company. Scott Paper had previously operated a much smaller dam and hydro-generating unit primarily to provide power for its own paper making operation. In 1984, Scott entered into a power purchase agreement ("PPA") with Central Maine Power, executed in the wake of the Public Utility Regulatory Policies Act of 1978. This contract required Scott to sell and CMP to purchase all of the electricity produced by the plant. In October of 1986, Scott assigned the contract to HKLP. In the early 1990's, the hydropower plant essentially was rebuilt with a significant increase in the amount of electricity it is capable of producing. The PPA, which runs through February of 2009, has the effect of requiring CMP to purchase

all of the increased production at a rate which now exceeds the market rate for electricity produced without such contract.

For the tax year commencing April 1, 2000, the tax assessor for the respondent Town of Winslow, in which the hydroelectric power generating plant is located, valued the property at $25 million, after taking into account the existence of the PPA. HKLP believed it was an error to consider the PPA in determining the value and petitioned the town's Board of Assessment Review requesting abatement. When the abatement was denied, the petitioner appealed the town's board's decision to the State Board. After the State Board upheld the decision of the town's board, the petitioner timely filed the present appeal.

## Discussion

On appeals of denial of an abatement, there is a presumption that the assessor's valuation is valid. *Yusem v. Town of Raymond*, 2001 ME 61, ¶ 8, 769 A.2d 865, 869-70. To overcome this presumption, the taxpayer must prove that the property was substantially over valued or there was unjust discrimination or fraud, dishonesty or illegality. *Northeast Empire Limited Partnership No. 2 v. Town of Ashland*, 2003 ME 28, ¶ 7, 818 A.2d 1021, 1024. In attempting to meet this burden, HKLP argues that consideration of the PPA in valuing the real property violates the Maine constitution and statutes concerning taxation of intangibles, and also that such valuation results in unjust discrimination by taxing a business decision to keep the PPA in effect. Neither argument is persuasive.

In its extensive and carefully reasoned decision, the board opined that the town was required to consider the PPA in determining the fair market value of the real property ". . . because the contract, albeit intangible property is inextricably intertwined with the highest and best use of the real property being assessed." The petitioner

argues that by considering the contract in making the valuation, the assessor was taxing the contract, at least indirectly, contrary to the general rule that intangible property is not to be taxed. Although the Legislature has the constitutional authority to levy taxes on intangible personal property (Art. IX, § 8, Constitution of Maine), it has chosen to limit direct taxation of personal property to "tangible goods and chattels." 36 M.R.S.A. § 601.[1] However, the argument confuses this general rule that intangible personal property is not subject to taxation with the consideration of the effect of the intangible on the income generating capacity of the tangible real asset with which it is associated – in this case the hydroelectric generating plant. Using a stream of income approach to valuing the hydro plant, it is appropriate to consider the highest and best use of that plant, which for now is production of electricity for sale to CMP under the PPA. If at some time in the future the PPA was sold CMP or expires under its own terms, there would likely be a change in the revenue producing potential and resulting adjustment to valuation of the hydro plant. However, the petitioner has not surrendered or sold the contract and its consideration vis-à-vis the value of the real property does not mean that the contract itself is being taxed.

The valuation issue confronting the Board has not previously been addressed in Maine case law. Therefore, the Board looked to two decisions in California which, though not *stare decisis*, the Board found to be "instructive" in analyzing the issue. *Freeport-McMoran Resource Partners v. County of Lake*, 12 Cal. App. 4th 634 (1993); *Watson Cogeneration Co. v. Town of Los Angeles*, 98 Cal App. 4th 1066 (June 2002). The petitioner argues that the California constitution and statutes are not the same as those in Maine. Nevertheless, the differences are not so great that they completely destroy the

---

[1] Neither side argued the point, but the definition of "real estate" for tax purposes, as set forth in 36 M.R.S.A. § 551, includes "shore privileges and rights" which arguably are intangible property.

usefulness of the analysis. Both these California cases and cases from Massachusetts (*Turners Falls Limited Partnership v. Board of Assessors of Montague*, 54 Mass. App. Ct. 732, 767 N.E.2d 629 (2002)) and Michigan (*Sweepster, Inc. v. CSIO Township*, 225 Mich. App. 497, 571 N.W.2d 553 (1997)) are in accord. Although the petitioner attempts to distinguish these cases, it offers no alternative authority of its own to show that any court in the United States has endorsed its own contrary approach to valuation.

Petitioner also suggests that a recent decision of the Legislature's Committee on Taxation to kill a proposed amendment to 36 M.R.S.A. § 701-A that would have expressly required the inclusion of intangible assets in determining the value of property is an expression of legislative intent that such assets not be included. This argument simply over analyzes legislative nonaction. The reason for the committee's decision could just as well have been that the authority to include such assets in determining value is recognized and requires no further legislative clarification. In any event, a committee's non-action is hardly evidence of the intent of the whole Legislature with regard to previously-enacted legislation.

The foregoing illustrates that there was no error in the Board's decision that the assessment was not illegal. Nor was there credible evidence to support a substantial over-valuation, other than consideration of the PPA already discussed. The remaining issue is whether there was unjust discrimination. The constitutional concept involved is often stated as the "principle of uniformity," and seeks to treat similarly situated taxpayers equitably. *See Town of Sanford v. J & N Sanford Trust*, 1997 ME 97, ¶ 20, 694 A.2d 456, 461. The petitioner's argument is that by considering the PPA in valuing the property results in a greater and ununiform valuation when compared with other similar hydroelectric facilities who never had a PPA or have subsequently sold or otherwise terminated their PPA. However, the Board was correct in its application of

the principles discussed in *Watson*. There can be little question that where a product will be purchased so long as it is produced, and incentive is created to construct facilities designed to exploit the situation. Moreover, even if the petitioner was considering construction of a new facility without regard to any government incentives such as a PPA, the undisputed fact here is that HKLP opted to accept the PPA negotiated by Scott Paper.. Under these circumstances, the petitioner's claim of discrimination and unequal apportionment are without merit. For purposes of judging discrimination, the proper groups of market participants to consider are those who operate pursuant to PPA contracts, not those who may have sold, restructured or otherwise operate without one.

Having failed to show that the Board's decision is affected by error of law, is not supported by substantial evidence on the record or is arbitrary or an abuse of discretion, the entry will be:

Board decision AFFIRMED.

Dated: August 22, 2005

_____

S. Kirk Studstrup
Justice, Superior Court

Date Filed __11/30/04__ ____Kennebec____ Docket No. __AP04-90__
                              County

Action ____Petition for Review____
                   80C

                                            J. STUDSTRUP

____UHA-Hydro Kennebec, LP____        vs.    ____Town of Winslow____

Plaintiff's Attorney                | Defendant's Attorney
  Michael L. Sheehan, Esq.          |   Peter M. Beckerman, Esq.
  One City Center                   |   105 Farm Brook Road
  P.O. Box 9546                     |   Sidney, Maine  04330
  Portland, Maine  04112-9546       |
                                    |  -Michelle M. Robert, AAG (State Board of
                                    |   6 State House Station     Property)
                                    |   Augusta, Maine  04333-0006

| Date of Entry | |
|---|---|
| 11/30/04 | Petition for Review, filed. s/Sheehan, Esq. |
| 12/16/04 | Town of Winslow's Answer to Petition for Review and Affirmative Defenses, filed. s/Beckerman, Esq. |
| 12/29/04 | Motion to Extend Time to File Record, filed. s/Robert, AAG |
| 1/7/05 | Motion to Extend Time to File Record, GRANTED (dated 12/30/04) s/Studstrup, J.  Copies issue to counsel of record. |
| 1/20/05 | Certification of Record, filed. s/Jayne Walsh, Bd.Sec.**(in vault)** Summary of contents of record, filed. |
| 1/25/05 | NOTICE OF BRIEFING SCHEDULE MAILED TO ATTYS. |
| 1/27/05 | Letter regarding transcript, filed. s/Walsh, |
| 2/2/05 | Amended Summary of Record dated 1/27/05, filed. Jayne Walsh, Board of Property Tax Review |
| 2/4/05 | Motion to Extend Time for Filing, filed. s/Sheehan, Esq. Proposed Order, filed. |
| 2/9/05 | ORDER ON MOTION TO EXTEND TIME, Studstrup, J. Appellant to file brief by 3/14/05. Copies mailed to attys of record. |
| 3/14/05 | Brief of Petitioner in Support of Petition for Review Pursuant to M.R.Civ.P. 80C, filed. s/Sheehan, Esq. |
| **4/4/05** | Town of Winslow's Motion for Enlargement of Time to File Its Brief, filed. s/Beckerman, Esq. |
| 4/11/05 | ORDER ON MOTION FOR ENLARGEMENT, Studstrup, J. Time to file brief extended to 5/2/05. Copies mailed to attys of record. |
| 4/28/05 | Brief of Appellee/Respondent Town of Winslow, filed. s/Beckerman, Esq. |